# 2022 CV 01082 SHAPIRO, HEATHER M -VS- SAFECO INSURANCE COMPANY OF ILLINOIS et al WWM

- Case Type:
- CV - Civil
- Case Status:
- OPEN
- File Date:
- 08/04/2022
- DCM Track:
- 
- Action:
- E-OTHER CIVIL
- Status Date:
- 08/04/2022
- Case Judge:
- MCKAY, W WYATT
- Next Event:
- 

| All Information | Party | Docket | Financial | Receipt | Disposition |

## Docket Information

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 08/04/2022 | DEPOSIT FROM: Receipt: 448827 Date: 08/04/2022 | $72.00 | |
| 08/04/2022 | SPECIAL PROJECTS JUDGES Receipt: 448827 Date: 08/04/2022 | $125.00 | |
| 08/04/2022 | E-INITIAL CIVIL FEE Receipt: 448827 Date: 08/04/2022 | $56.00 | |
| 08/04/2022 | E-OTHER CIVIL COMPLAINT<br>Attorney: HARRELL, RYAN M (80830) | $27.00 | Image |
| 08/04/2022 | SUMMONS ISSUED TO DEFENDANT(S). | $6.00 | |
| 08/04/2022 | Issue Date: 08/04/2022<br>Service: OTHER CIVIL COMPLAINT W/ INSTRUCTIONS<br>Method: CERTIFIED MAIL WITH BAR CODE NEW<br>Cost Per: $8.25<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS<br>175 BERKLEY STREET<br>BOSTON, MA 02116<br>Tracking No: 9489009900027627467754<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>175 BERKLEY STREET<br>BOSTON, MA 02116<br>Tracking No: 9489009900027627467755 | $16.50 | |

**EXHIBIT 1**

## IN THE COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

## SUMMONS
*Rule 4 1995 Ohio Rules of Civil Procedure*

### 2022 CV 01082

**HEATHER M SHAPIRO**
367 STEWART AVE NW
WARREN OH 44483
*Plaintiff(s)*

VS.

**SAFECO INSURANCE COMPANY OF ILLINOIS**
175 BERKLEY STREET
BOSTON MA 02116
*Defendant(s)*

IF APPLICABLE, SEE COMPLAINT FOR ADDITIONAL DEFENDANTS

**TO THE ABOVE NAMED DEFENDANT(S):**

    YOU ARE HEREBY SUMMONED THAT A COMPLAINT (A COPY OF WHICH IS HERETO ATTACHED AND MADE A PART HEREOF) HAS BEEN FILED AGAINST YOU IN THIS COURT BY THE PLAINTIFF(S) NAMED HEREIN:

    YOU ARE REQUIRED TO SERVE UPON THE PLAINTIFF(S) ATTORNEY, OR UPON THE PLAINTIFF(S) IF THEY HAVE NO ATTORNEY OF RECORD, A COPY OF YOUR ANSWER TO THE COMPLAINT *WITHIN TWENTY-EIGHT (28) DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU*, EXCLUSIVE OF THE DAY OF SERVICE. SAID ANSWER MUST BE FILED WITH THIS COURT WITHIN THREE DAYS AFTER SERVICE ON PLAINTIFF'S ATTORNEY.

    THE NAME AND ADDRESS OF THE PLAINTIFF(S) ATTORNEY IS AS FOLLOWS:

**RYAN M HARRELL**
**100 FEDERAL PLAZA EAST**
**SUITE # 800**
**YOUNGSTOWN, OH 44503**

    IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

**KAREN INFANTE ALLEN**
**CLERK OF COURTS**

BY: CYNTHIA BEALE
*Deputy Clerk*

Date: August 4, 2022

KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2022 CV 01082
FILED: 08/04/2022 09:50 AM

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| HEATHER M. SHAPIRO<br>367 Stewart AVE NW<br>Warren, Ohio 44483<br><br>   Plaintiff,<br><br> -vs-<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS<br>175 Berkley Street<br>Boston, Massachusetts 02116<br><br>   and<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>175 Berkley Street<br>Boston, Massachusetts 02116<br><br>   and<br><br>John Doe #1-10<br>*(names and addresses unknown)*<br><br>   Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND DECLARATORY JUDGMENT, WITH JURY DEMAND ENDORSED HEREIN** |

## COUNT I

1. At all times relevant to this Complaint, Plaintiff HEATHER SHAPIRO ("Shapiro") was and is a resident of Trumbull County, Ohio.

2. At all times relevant to this Complaint, Defendants SAFECO INSURANCE COMPANY OF ILLINOIS ("Safeco"), LIBERTY MUTUAL INSURANCE COMPANY (Liberty Mutual), and/or JOHN DOE CORPORATION #1-10 (collectively "Safeco" or "Defendants") were insurance companies and provided automobile insurance coverage

in Ohio, including Trumbull County, Ohio.

3. Defendants JOHN DOE CORPORATION #1-10 are intended to be any and all individuals and/or entities who, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, provided any uninsured/underinsured insurance coverage applicable to Plaintiff Heather Shapiro regarding the motor-vehicle collision specifically identified and described in this pleading, or undertook the handling of Heather Shapiro's claim for such coverage in bad faith. Despite a good faith effort being made by Plaintiff and her attorneys, the names and addresses of Defendants JOHN DOE CORPORATION #1-10 could not be determined prior to the filing of Plaintiffs' Complaint.

4. On or about August 6, 2020, Plaintiff Heather Shapiro was operating a motor vehicle ("Plaintiff's Vehicle") in a lawful manner, on State Route 82, in Howland Township, County of Trumbull, State of Ohio, traveling eastbound.

5. At the same time and place as set forth above, Jerrod Cwynar was operating his motor vehicle in the same direction as Shapiro, and was traveling directly behind her vehicle, with an inferior right-of-way to traffic he was following on State Route 82, when Cwynar negligently operated his vehicle in such a manner that he failed to yield the right-of-way, failed to maintain a proper lookout, and otherwise was negligent, and subsequently collided with the rear of Plaintiff's Vehicle.

6. The collision described above was a direct and proximate result of the negligence of Cwynar.

7. As a direct and proximate result of the impact of the collision described above and negligence of Cwynar, Plaintiff suffered injuries to her neck, left shoulder and

arms, torso, and suffered other painful injuries, and has suffered extreme mental anguish, anxiety and distress as a result of said collision.

8. As a further direct and proximate result of the negligence of Cwynar, Plaintiff has incurred medical expenses and other expenses, and will incur further such expenses in the future.

9. As a further direct and proximate result of the negligence of Cwynar, Plaintiff sustained permanent damage, pain and suffering, and expects to incur further pain and suffering in the future.

10. As a further direct and proximate result of the negligence of Cwynar, Plaintiff was caused to lose income and will suffer further such losses well into the future.

11. Liability coverage issued by non-party Progressive Insurance to Cwynar applied to his negligence. However, this liability coverage was underwritten at the minimum limits permitted by Ohio state law, and inadequate to compensate Plaintiff for the damages she has sustained for which Cwynar is liable. Prior to the filing of this Complaint, Plaintiff settled her claim against Cwynar at the liability policy limits.

12. Prior to August 6, 2020, Plaintiff Heather Shapiro purchased and Safeco issued an insurance policy (the "Safeco Policy") which provided underinsured motorist coverage to Plaintiff. This coverage is in an amount greater than the limits of the Progressive Insurance policy discussed above. A copy of the Safeco Policy is not attached as it is voluminous and already in the possession of Defendant Safeco.

13. Upon information and belief, Safeco is a wholly-owned subsidiary of Defendant Liberty Mutual, and at various times, Plaintiff's underinsured motorist has

been handled by personnel identifying themselves as being employees of Liberty Mutual, or creating that reasonable impression.   As a result, Plaintiff is unable to state the extent to which she might be insured by Liberty Mutual in addition to Safeco, the extent to which Liberty Mutual employees handled her claims, or the extent to which the two insurance carriers might be intermingled.   Throughout this pleading, any reference to "Safeco" should also be construed to apply to Liberty Mutual, to the extent Liberty Mutual has provided any coverage, or has participated to any degree in the claims handling process.

      14.     As a result of the incident set forth above, Plaintiff is legally entitled to recover damages.   However, the motor vehicle insurance policy which covered Cwynar is insufficient to cover all of Plaintiff's damages.   As such, Cwynar qualifies as an underinsured motorist as defined under the Safeco Policy and Plaintiff is entitled to underinsured motorist coverage.

      15.     Plaintiff made a timely claim for underinsured motorists coverage for the damages sustained as a result of the incident described above.   Plaintiff has complied with all other requirements set forth in the Safeco Policy to receive compensation for the negligence of Cwynar pursuant to this policy.   Plaintiff and Defendant Safeco cannot agree on the value of Plaintiff's claim.

      16.     To the extent the Safeco Policy includes a provision for arbitration of said differences only if both parties agree, Plaintiff is not willing to arbitrate the claim at issue herein.

      17.     To the extent the Safeco Policy includes a provision that if both parties do not agree to arbitrate, then either party may bring a suit to determine the right to

recovery and as to the amount of damages, a justiciable controversy exists concerning the rights, duties and obligations of the parties arising out of the terms and conditions of the Safeco Policy and the amount Plaintiff is entitled to recover under the underinsured motorist coverage.

18. Defendant Safeco is liable to compensate Plaintiff for all damages described above up to the limits of the underinsured motorist coverage and which can only be reduced by payment made by Cwynar's insurer to the extent not waived by Defendant Safeco.

19. Plaintiff desires a judicial determination of her rights under the Safeco Policy and a declaration of Defendant Safeco's duty to provide underinsured motorist benefits.

20. A judicial declaration is necessary and appropriate at this time under all the circumstances as Plaintiff is being denied benefits to which she is entitled.

## COUNT II

21. Plaintiff realleges and incorporates by reference the allegations of the foregoing paragraphs.

22. Defendants had the obligation to act in good faith in processing, adjustment and payment of Plaintiff's claims.

23. Defendants have failed to process, adjust and pay Plaintiff's insurance claims in good faith.

24. Defendants' bad faith includes, but is not limited to, accepting the reasonableness of the medical treatment undertaken by Plaintiff, but reducing the value

of the costs of this treatment in a way that was arbitrary and unconnected to any relevant Ohio legal authority, and ultimately failing to timely adjust and settle the claim without reasonable justification.

25. As a direct and proximate result of Defendant's bad faith, Plaintiff has suffered monetary damages, emotional distress, legal expenses and other damages exceeding $25,000.00.

26. Defendant's conduct in failing to properly process, adjust and pay the claim in good faith was willful, malicious, reckless, and undertaken with conscious disregard for the rights of other persons, i.e., Plaintiff, that had a great probability of causing substantial harm.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. A declaration by the Court that pursuant to the provisions of the Safeco Policy, Defendant Safeco, along with any other named defendant, is required to provide underinsured motorist coverage to Plaintiff;

B. Subsequent to the declaration set forth above, Plaintiff requests a jury trial on the issue of the amount of damages to which Plaintiff is entitled;

C. Attorney fees, court costs and other reasonable costs;

D. Punitive damages

E. Prejudgment interest; and,

F. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

GREEN HAINES SGAMBATI CO., L.P.A.


By:   /s/ Ryan M. Harrell
      RYAN M. HARRELL (0080830)
      EMILY S. BUSH (0099781)
      *Counsel for Plaintiff*
      100 Federal Plaza East, Suite 800
      P.O. Box 849
      Youngstown, Ohio 44501
      (330) 743-5101
      FAX (330) 743-3451
      rharrell@green-haines.com
      ebush@green-haines.com


## **JURY DEMAND**

Plaintiff demands a trial by jury.

GREEN HAINES SGAMBATI CO., L.P.A.


By:   /s/ Ryan M. Harrell
      RYAN M. HARRELL (0080830)
      *Counsel for Plaintiff*

## **INSTRUCTIONS FOR SERVICE**

TO THE CLERK: Please issue summons and a copy of this Complaint to the Defendants at the addresses listed in the caption pursuant to Rule 4 of the Ohio Rules of Civil Procedure.

                              GREEN HAINES SGAMBATI CO., L.P.A.

                By:   /s/ Ryan M. Harrell
                         RYAN M. HARRELL (0080830)
                         *Counsel for Plaintiff*